UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ANDREW KEEVER, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 1:20-cv-03045-TWP-DLP |
| WARDEN, | ) ) ) |
| Respondent. | ) |

**ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS**

Andrew Keever, an inmate of the Indiana Department of Correction, has filed a petition for a writ of habeas corpus, challenging his prison disciplinary conviction under NCF 20-05-0031. For the reasons explained below, the petition is **DENIED**.

## I.
## LEGAL STANDARD

Prisoners in Indiana custody may not be deprived of good-time credits or credit-earning class without due process. *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal*, 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell*, 418 U.S. 539, 563-67 (1974).

# II.
# BACKGROUND

Mr. Keever was found guilty of possessing an intoxicating substance, a violation of IDOC Adult Disciplinary Code B-231. Dkt. 7-8. He lost 45 days of earned credit time and received a demotion in credit-earning class. *Id.* He appealed his disciplinary conviction to the Facility Head and the IDOC Final Reviewing Authority before bringing this petition under 28 U.S.C. § 2254. Dkts. 7-11, 7-12.

The conduct report states that Officer Lee found Mr. Keever in the bathroom. Dkt. 7-1. He was unresponsive, verbally and physically, and smelled like K2—a synthetic cannabinoid. *Id.* He also had a knot above his temple. *Id.* Officer Lee believed that Mr. Keever was intoxicated, based on his training and experience as a correctional officer, and charged him with possession of an intoxicating substance. *Id.*

Mr. Keever was sent to medical on a temporary intoxication hold. Dkt. 7-3. His pupils were dilated, and he was non-verbal for about 20 minutes. *Id.*

Mr. Keever was notified of the charge and given a copy of the screening report. Dkt. 7-4. He pleaded not guilty and asked to call offenders Matthew Clark and James Ingersoll as witnesses. *Id.* He did not request any additional evidence at that time. *Id.* Clark and Ingersoll later provided written statements claiming that Mr. Keever was assisting Clark as he recovered from a seizure. Dkts. 7-9, 7-10.

At the disciplinary hearing, Mr. Keever stated that he had passed out because of a medical condition and that his medical paperwork could verify this. The hearing officer considered this statement, as well as the conduct report and a medical report from his temporary intoxication hold, and found him guilty.

# III.
# DISCUSSION

Liberally construed, Mr. Keever's petition raises three issues: (1) whether he was denied the right to an impartial decisionmaker; (2) whether he was denied the right to exculpatory evidence; and (3) whether there is sufficient evidence to support the disciplinary conviction. Mr. Keever failed to exhaust the first issue, and the remaining issues are without merit.

## A. Exhaustion of Available Administrative Remedies

Generally, Indiana prisoners challenging their disciplinary convictions may only raise issues that were previously raised in a timely appeal to the Facility Head and then to the IDOC Final Reviewing authority. *See* 28 U.S.C. § 2254(b)(1)(A); *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002); *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002).

In his administrative appeals, Mr. Keever claimed he was not guilty of possessing an intoxicating substance and that he was denied exculpatory medical evidence. Dkt. 7-11, p. 2. He attributed his non-responsive behavior to a preexisting medical condition, specifically asthma, and argued that Officer Lee misinterpreted his symptoms as intoxication. *Id.* He also claimed that he could have demonstrated his innocence by presenting medical records but that prison officials denied him access. *Id.* He did not claim that he was denied the right to an impartial decisionmaker or comment on the disciplinary hearing officer's possible bias. *Id.*

Mr. Keever did not exhaust his available administrative remedies regarding his right to an impartial decisionmaker. He has not presented any evidence or argument to excuse this failure. Accordingly, his request for relief on this issue is **DENIED**.

The Court will next analyze the merits of the remaining issues in the petition, *i.e.*, whether Mr. Keever was denied the right to present exculpatory evidence and whether there is sufficient evidence to support the disciplinary conviction.

3

### B. Right to Exculpatory Evidence

Prisoners have a limited right to present witnesses and evidence in their defense, consistent with correctional goals and safety. *Wolff*, 418 U.S. at 566. A hearing officer has considerable discretion with respect to requests for evidence and may deny requests that threaten institutional safety or requests that are irrelevant, repetitive, or unnecessary. *Piggie*, 342 F.3d 660, 666 (7th Cir. 2003). Due process only requires access to witnesses and evidence that are exculpatory. *Rasheed-Bey v. Duckworth*, 969 F.2d 357, 361 (7th Cir. 1992). "Exculpatory" in this context means evidence that "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." *Meeks v. McBride*, 81 F.3d 717, 720 (7th Cir. 2011). Prison officials are not required to produce evidence that they do not have. *Manley v. Butts*, 699 F. App'x 574, 576 (7th Cir. 2017).

Mr. Keever was not denied the right to present exculpatory evidence. He was found guilty of possessing an intoxicating substance. The basis for this finding was Officer Lee's observation that he smelled like K2, that he was unresponsive, and that he appeared intoxicated. Dkt. 7-1. The hearing officer also considered medical paperwork documenting Mr. Keever's temporary intoxication hold. *See* dkts. 7-3, 7-8. The fact that Mr. Keever may have asthma does not undermine the reliability of this evidence or cast doubt on his guilt. Accordingly, his request for relief on this issue is **DENIED**.

### C. Sufficiency of the Evidence

Challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison*, 820 F.3d at 274; *see Eichwedel v. Chandler*, 696 F.3d 600, 675 (7th Cir. 2012) ("The some evidence standard is satisfied if there is

any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence standard" is much more lenient than the beyond a reasonable doubt standard. *Moffat*, 288 F.3d at 981.

There is "some evidence" to support Mr. Keever's disciplinary conviction. He smelled like K2 and was unresponsive for a prolonged period of time. Based on these observations and his training and experience as a correctional officer, Officer Lee believed that Mr. Keever was intoxicated. Mr. Keever was also sent to medical, where he remained unresponsive and was placed on a temporary intoxication hold. This meets the modest "some evidence" standard for prison disciplinary convictions. Accordingly, Mr. Keever's request for relief on this issue is **DENIED**.

## IV.
## CONCLUSION

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of these proceedings, and there was no constitutional deprivation which entitles the petitioner to the relief he seeks. Accordingly, the petition for a writ of habeas corpus must be **DENIED** and the action **DISMISSED** with prejudice. Final judgment consistent with this Order shall now issue.

**IT IS SO ORDERED**.

Date: 7/6/2021

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

5

Distribution:

ANDREW KEEVER
190181
MIAMI - CF
MIAMI CORRECTIONAL FACILITY
Inmate Mail/Parcels
3038 West 850 South
Bunker Hill, IN 46914-9810

David Corey
INDIANA ATTORNEY GENERAL
david.corey@atg.in.gov

Benjamin Myron Lane Jones
INDIANA ATTORNEY GENERAL
benjamin.jones@atg.in.gov